UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CLIFTON JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:21-cv-00098-SEB-KMB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Order Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Clifton Jones for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

1

## II. Factual Background

The crimes committed by Mr. Jones, as provided in the stipulated factual basis of his plea agreement, are as follows:

A. As early as January 1, 2017, law enforcement with the FBI New Albany Field Office became aware that Billy Dale Sears was distributing large amounts of crystal methamphetamine in the Southwestern Indiana area.

B. Sears obtained the crystal methamphetamine from sources of supply in Louisville, Kentucky and then distributed the methamphetamine to mid-level distributors in the Southwestern Indiana area. Clifton Jones was a source of supply for the drug trafficking organization. Jones distributed methamphetamine ice to Sears in Louisville, Kentucky for redistribution in Southwestern Indiana.

C. Jones had other customers in Kentucky to whom he distributed methamphetamine ice. Jones was the source of supply for methamphetamine for the Clifton Jones Drug Trafficking Organization. Jones distributed methamphetamine ice to mid-level distributors within his organization who then distributed the methamphetamine ice to low-level distributors in Louisville, Kentucky.

D. From January 1, 2017, until November 2017, the defendant and the other members of the Sears Methamphetamine Drug Trafficking Organization distributed at least 4.5 kilograms of methamphetamine ice for further distribution in the Southern District of Indiana.

E. From January 1, 2017, until November 2017, the defendant and the other members of the Jones Methamphetamine Drug Trafficking Organization distributed 4.5 kilograms of methamphetamine ice for further distribution in the Western District of Kentucky.

F. During the period of the defendant's involvement, the defendant and other members of the Sears Methamphetamine Drug Trafficking Organization and the Jones Methamphetamine Drug Trafficking Organization distributed crystal methamphetamine and conducted other acts in furtherance of the unlawful agreement, in the Southern District of Indiana and the Western District of Kentucky.

G. The defendant knew that the substances that the defendant distributed were controlled substances.

*USA v. Jones*, 4:17-cr-00023-SEB-VTW-1 (S.D. Ind) (hereinafter "Crim. Dkt."), dkt. 213 at 9-10.)

On November 30, 2017, a two-count indictment was filed in the Southern District of Indiana, charging Mr. Jones with conspiracy to possess with the intent to distribute and to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (Count 1). Crim. Dkt. 13. The court appointed Armand Judah as counsel for Mr. Jones. Crim. Dkt. 55. On December 5, 2017, a one-count indictment was filed in the Western District of Kentucky, charging Mr. Jones with conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.2. See *USA v. Jones*, 3:17-cr-00170-CHB-CHL (W.D. Ky), (hereinafter "Ky. Crim. Dkt."), dkt. 1. Mr. Jones subsequently retained Ramon McGee to represent him instead, and Armand Judah was relieved of any representation of Mr. Jones in that matter. (Ky. Crim. Dkt. 70, 90.)

Mr. Jones ultimately entered a global plea of guilty and plea agreement, wherein he agreed to plead guilty to Count 1 in the Southern District of Indiana and Court 1 in the Western District of Kentucky (*see* Crim. Dkt. 213) and he consented to transfer his Kentucky criminal case to the Southern District of Indiana for plea and sentencing. *Id*.

On May 27, 2020, the Court held Mr. Jones's change of plea and sentencing hearing. Crim. Dkt. 247. The Court accepted the parties' Rule 11(c)(1)(c) plea agreement and sentenced Mr. Jones a period of incarceration of 300 months. Crim. Dkt. 249. Consistent with the terms of his plea agreement, Mr. Jones did not file an appeal.

Approximately one year later, on June 11, 2021, Mr. Jones filed a motion to vacate his sentence pursuant to § 2255. Dkt. 1. Mr. Jones claims that his trial counsel, Mr. Judah, was ineffective for (1) failing to file a motion to suppress wiretap evidence in his criminal case in the

3

Western District of Kentucky, and (2) for promising him that, if he signed the plea agreement, he would have to serve only 65% of his sentence. *Id*.

### III. Discussion

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, a petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* To satisfy the prejudice component, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### A. Failure to File Motion to Suppress in the Kentucky Criminal Case

The Court can dispense quickly with Mr. Jones's challenge based on any failure by Mr. Judah, who represented him only in the Indiana criminal matter, to file a motion to suppress in his Kentucky criminal case. Because Mr. Jones retained private counsel and Mr. Judah did not represent him in the Kentucky criminal case, Mr. Judah had no authority to file any motion to suppress on Mr. Jones's behalf in that cause. *See* Ky. Crim. Dkt. 70, 90. Accordingly, Mr. Jones has failed to show that Mr. Judah's trial performance was deficient with respect to any failure to file a motion to suppress in the Kentucky criminal case.

Moreover, even if Mr. Jones were able to demonstrate any deficiency with respect to Mr. Judah's performance, his claim would still fail because he cannot show that he was prejudiced by any such deficiency. Indeed, Mr. Jones's retained counsel, Mr. McGee, successfully moved to adopt the motions to suppress the wiretap evidence filed by Mr. Jones's co-defendants in the Kentucky case, which motions were ultimately denied. *See* Ky. Crim Dkt. 132, 136, 230. Mr. Jones has therefore not demonstrated that he was prejudiced because of Mr. Judah's failure to file a duplicative motion to suppress in the Kentucky prosecution. *See Groves*, 755 F.3d at 591 (if a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other). Accordingly, we hold that Mr. Jones is not entitled to relief for any failure on Mr. Judah's part to file a motion to suppress in the Kentucky criminal case.[1]

### B. Acceptance of Plea Agreement Based on Counsel's Sentence Prediction

Mr. Jones also argues that his trial counsel was ineffective for erroneously predicting that if he pled guilty, he would have to serve only 65% of his 300-month sentence if he pleaded guilty. To make out a claim for ineffective assistance of counsel in the context of a guilty plea, Mr. Jones must show "(1) that counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's errors, [he] would not have pled guilty and would have insisted on going to trial." *Bethel v. United States*, 458 F.3d 711, 716 (7th Cir. 2006). "When assessing counsel's performance, [the Seventh Circuit has noted] that a reasonably competent lawyer will attempt to learn all of the relevant facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis to the client before allowing the client to plead guilty." *Id.* at 717 (citing cases, including *United States v. Cieslowski*, 410 F.3d 353, 358-59 (7th Cir. 2005)) (to prove inadequate performance, a defendant must show

---

[1] We note that Mr. Judah did file a motion to suppress the wiretap evidence in the Southern District of Indiana prosecution.

that counsel did not attempt to learn the facts of the case and failed to make a good-faith estimate of a likely sentence). Therefore, "[t]he salient question is whether counsel undertook a good-faith effort to determine the applicable facts and estimate the sentence. An inaccurate prediction of a sentence alone is not enough to meet the standard." *Bethel*, 458 F.3d at 717.

Here, as the United States correctly points out, *see* dkt. 16 at 17, Mr. Jones cannot prevail on a claim of ineffective assistance of counsel simply by claiming that his trial counsel inaccurately predicted the potential reduction of the time he would serve based on good-time credits, which ultimately is calculated by the Bureau of Prisons, not counsel or the Court. *See* 18 U.S.C. § 3624(b)(1). Furthermore, the sentencing memorandum filed by Mr. Judah belies Mr. Jones's contention that Mr. Judah failed to apprise himself of the facts of the case against Mr. Jones or erroneously predicted that Mr. Jones would serve only 65% of his sentence with good-time credits. *See* Crim. Dkt. 244 ("[E]ven if he [received] full credit and serve[d] 85% of his time, he would be in his 50s when eligible for release."). In any event, nowhere does Mr. Jones allege that his trial counsel's prediction was made in bad faith or that his counsel's representations were the result of his failure to fully apprise himself of the facts of Mr. Jones's case. Mr. Jones has also failed to demonstrate how Mr. Judah performed deficiently in advising him relative to his acceptance of the plea agreement. *Bethel*, 458 F.3d at 716. Accordingly, the Court finds that Mr. Jones is not entitled to relief on this ground. *Groves*, 755 F.3d at 591.

### IV.  Conclusion

For the reasons explained in this Order, Mr. Jones's § 2255 motion must be denied. There has been no showing of any ineffective assistance of counsel by Mr. Judah. Accordingly, Mr. Jones's motion is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in No. 4:17-cr-00023-**

6

**SEB-VTW-1.** The motion to vacate (Crim. Dkt. 300) shall also be **terminated** in the underlying criminal action.

### V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Jones has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** the request to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date: 9/30/2024

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

CLIFTON JONES
16046-028
LEAVENWORTH - USP
LEAVENWORTH U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
LEAVENWORTH, KS 66048

7